IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**JACK HEESACKER**,
individually and on behalf of
all those similarly situated,

    Plaintiff,

 v.

Case No.: 23-cv-1134

**HOLTGER BROS., INC.**
c/o Donald G. Holtger
950 W. Main Ave.
De Pere, WI 54115-9349

    Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Jack Heesacker ("Plaintiff"), on his own behalf and on behalf of the members of the proposed classes identified below. During the three years preceding this lawsuit, Plaintiff was employed by Defendant, Holtger Bros., Inc. ("Defendant"), as a laborer. During his employment, Plaintiff was denied regular and overtime wages under two illegal pay policies. Under the first policy, Defendant automatically deducted 30-minute meal breaks from the pay of Plaintiff and other similarly situated employees, even though Defendant did not allow these employees to take an uninterrupted 30-minute meal break. Under the second policy, Defendant refused to pay Plaintiff and similarly situated employees for work performed before

arriving at and after leaving construction sites, including preparatory work, travel time between worksites, and clean-up tasks at the end of the day. These policies violated the Fair Labor Standards Act ("FLSA") and Wisconsin wage-and-hour law, which require employees to be compensated for all time worked, including interrupted meal breaks, pre- and post-shift work, and travel between worksites. Plaintiff and the putative class and collective class members (defined below) are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA as they commonly suffered, and continue to suffer, wage losses as a result of Defendant's illegal pay policy.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Jack Heesacker, is an adult resident of Waupun, Wisconsin. Plaintiff has been employed as a laborer by Defendant during the three years preceding this Complaint. Plaintiff was classified as FLSA non-exempt in this

position and paid hourly wages, including overtime wages. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. His consent form is filed as **Exhibit A**.

5. Defendant, Holtger Bros., Inc., is a domestic business with its principal place of business in De Pere, Wisconsin. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant's registered agent for service of process is Donald G. Holtger, 950 West Main Avenue, De Pere, Wisconsin.

## FACTUAL ALLEGATIONS

6. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members are or were employed by Defendant.

7. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class members were classified by Defendant as non-exempt from overtime wages.

8. Throughout the three-year period preceding the filing of this Complaint, Defendant required Plaintiff and the putative class members to meet at central locations ("yards") at the beginning of the day, where they would perform preparatory tasks that were integral and indispensable to their primary duties, such as gathering necessary tools and loading them into their vehicles, before driving from the yards to their individual worksites.

9. Throughout the three-year period preceding the filing of this Complaint, at the end of their shifts, Defendant required Plaintiff and the putative class

members to drive from their individual worksites back to their yards, where they would unload their vehicles and perform other integral and essential postliminary work before being allowed to go home for the day.

10. During the three-year period preceding the filing of this Complaint, Defendant refused to pay Plaintiff and the putative class members for time spent performing preparatory tasks in the yards, traveling from the yards to individual worksites, returning to the yards from individual worksites, and performing postliminary work.

11. During the three-year period preceding the filing of this Complaint, Defendant refused to provide Plaintiff and the putative class members with an uninterrupted 30-minute meal break, instead requiring them to eat their meals quickly on the job site and return to work as soon as possible.

12. During the three-year period preceding the filing of this Complaint, Defendant deducted 30 minutes per day from the wages of Plaintiff and the putative class members as meal breaks, depriving them of earned regular and overtime wages.

13. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 216(b), in two collective classes.

14. The **FLSA Pre- and Post-Shift Work Collective Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Holtger Bros., Inc., and who were classified as non-exempt from overtime wages, at any time during the past three years; and who performed uncompensated pre- and/or post-shift duties, including travel time between worksites, that

would have been paid at an overtime rate if treated as compensable work time.

15. The **FLSA Unpaid Meal Break Collective Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Holtger Bros., Inc., and who were classified as non-exempt from overtime wages, at any time during the past three years; who were not compensated for meal periods that were either interrupted or less than 30 minutes in duration, and that would have been paid at an overtime rate if treated as compensable work time.

16. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated employees, pursuant to Federal Rule of Civil Procedure 23, in two classes.

17. The **State-Law Pre- and Post-Shift Work Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Holtger Bros., Inc., and who were classified as non-exempt from overtime wages, at any time during the past two years; and who performed uncompensated pre- and post-shift duties, including travel time between worksites.

18. The **State-Law Unpaid Meal Break Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Holtger Bros., Inc., and who were classified as non-exempt from overtime wages, at any time during the past two years; who were not compensated for meal periods that were interrupted, that were less than 30 minutes in duration, or during which they were required to remain onsite.

# CLASS ALLEGATIONS

19. Plaintiff brings the Third and Fourth Claims for Relief on his own behalf and on behalf of the State-Law Pre- and Post-Shift Work Class and the State-Law Unpaid Meal Break Class, as defined in paragraphs 17 and 18, *supra*, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

20. The persons in these classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy each class definition.

21. There are questions of law and fact common to these classes that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    (a) Whether Defendant maintained a common practice or policy of requiring Plaintiff and members of the putative class to perform pre- and post-shift work, including travel time, for which they were not paid;

    (b) Whether Defendant maintained a common practice or policy of deducting 30 minutes from the pay of Plaintiff and members of the putative class for meal breaks;

    (c) Whether Defendant maintained a common practice or policy of denying uninterrupted meal breaks of 30 minutes or more to Plaintiff and members of the putative class;

    (d) Whether Defendant maintained a common practice or policy of requiring Plaintiff and members of the putative class to remain onsite during their meal breaks;

(e) The nature and amount of compensable work performed by Plaintiff and members of the putative classes;

(f) The proper measure of damages sustained by Plaintiff and members of the putative classes.

22. Plaintiff's claims are typical of those of the state-law classes. Plaintiff, like other members of the state-law classes, was subjected to Defendant's illegal pay policies and practices resulting in a wage loss, including Defendant's policy of refusing to pay regular and overtime wages for compensable time worked (including pre-shift work, post-shift work, and work performed during the ostensible meal breaks) in violation of Wisconsin law.

23. Plaintiff will fairly and adequately protect the interests of the state-law classes and has retained counsel experienced in complex wage and hour litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

25. Certification of the state-law classes is appropriate under Rule 23(b)(3) because questions of law and fact common to the state-law classes predominate over any questions affecting only individual members of the state-law classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy and practice denied the state-law classes the wages for work performed to which they are entitled.

The damages suffered by the individual state-law class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

26. Plaintiff intends to send notice to all members of the state-law classes to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Pre- and Post-Shift Work)

27. Plaintiff, individually and on behalf of the FLSA Pre- and Post-Shift Work Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

28. Plaintiff and members of the FLSA Pre- and Post-Shift Work Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

29. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

30. During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the FLSA Pre- and Post-Shift Work Collective Class performed work in excess of 40 hours per week without receiving overtime compensation, including time spent on compensable pre- and post-shift work.

31. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and members of the FLSA Pre- and Post-Shift Work Collective Class have suffered and continue to suffer wage loss.

32. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the FLSA Pre- and Post-Shift Work Collective Class overtime wages in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Unpaid Meal Breaks)

33. Plaintiff, individually and on behalf of the FLSA Unpaid Meal Break Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

34. Plaintiff and members of the FLSA Unpaid Meal Break Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

35. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

36. The FLSA generally requires that meal breaks of less than 30 minutes or meal breaks on which employees are required to perform duties must be paid as hours worked. 29 C.F.R. § 785.19.

37. During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the FLSA Unpaid Meal Break Collective Class performed work in excess of 40 hours per week without receiving

overtime compensation, including time spent on interrupted meal breaks and/or meal breaks of less than 30 minutes.

38. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and members of the FLSA Unpaid Meal Break Collective Class have suffered and continue to suffer wage loss.

39. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the FLSA Unpaid Meal Break Collective Class overtime wages in violation of the FLSA.

## THIRD CLAIM FOR RELIEF:
## FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW
### (Pre- and Post-Shift Work)

40. Plaintiff, individually and on behalf of the State-Law Pre- and Post-Shift Work Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

41. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.02 and 109.03 and Wis. Admin. Code § DWD 274.03.

42. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

43. At all relevant times, Plaintiff and members of the State-Law Pre- and Post-Shift Work Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

44. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Admin. Code § DWD 274.03.

45. Wisconsin law requires employers to pay all wages earned within 31 days of when they are earned. Wis. Stat. § 109.03.

46. Plaintiff and members of the State-Law Pre- and Post-Shift Work Class are not exempt from the overtime pay requirements of Wisconsin law.

47. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy or practice of failing and refusing to pay wages, including overtime wages, to Plaintiff and members of the State-Law Pre- and Post-Shift Work Class for hours they worked performing pre- and post-shift work.

48. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the State-Law Pre- and Post-Shift Work Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. § DWD 274.03.

### FOURTH CLAIM FOR RELIEF:
### FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW
### (Unpaid Meal Breaks)

49. Plaintiff, individually and on behalf of the State-Law Unpaid Meal Break Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

50. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. Code § DWD 274.03.

51. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

52. At all relevant times, Plaintiff and members of the State-Law Unpaid Meal Break Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

53. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. §103.02; Wis. Admin. Code § DWD 274.03.

54. Wisconsin law requires employers to pay all wages earned within 31 days of when they are earned. Wis. Stat. § 109.03.

55. Plaintiff and members of the State-Law Unpaid Meal Break Class are not exempt from the overtime pay requirements of Wisconsin law.

56. Wisconsin law allows an employer to deduct a meal break from an employee's wages only if the break is duty-free and at least 30 minutes long. Wis. Admin. Code § DWD 272.04(1)(c).

57. Wisconsin law provides that any meal break in which the employee is required to remain on the employer's premises must be paid. *Id.*

58. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay all wages, including required overtime wages, to Plaintiff and members of the State-Law Unpaid Meal Break Class by failing to pay wages for time spent on meal breaks that were interrupted, that were shorter than 30 minutes, and/or during which Defendant required Plaintiff and members of the State-Law Unpaid Meal Break Class to remain onsite.

59. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative State-Law Unpaid Meal Break Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. § DWD 274.03.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA collective classes and state-law classes defined above, prays for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Pre- and Post-Shift Work Collective Class as defined above;

B. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Unpaid Meal Break Collective Class as defined above;

C. An order certifying this action as a class action on behalf of the proposed State-Law Pre- and Post-Shift Work Class under Fed. R. Civ. P. 23(b)(3);

D. An order certifying this action as a class action on behalf of the proposed State-Law Unpaid Meal Break Class under Fed. R. Civ. P. 23(b)(3);

E. An order designating Jack Heesacker as representative of the State-Law Pre- and Post-Shift Work Class and State-Law Unpaid Meal Break Class;

F. An order designating Hawks Quindel, S.C. as class counsel;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. An order finding that Defendant violated the FLSA and Wisconsin wage-and-hour laws;

I. Judgment against Defendant in the amount equal to the unpaid back wages of Plaintiff and the putative class members at the applicable regular and overtime rates;

J. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

K. An award in the amount of all costs and attorney fees incurred in prosecuting these claims;

L. Leave to amend the Complaint to add additional claims; and

M. Such further relief as the Court deems just and equitable.

Respectfully submitted this 28th day of August, 2023.

Attorneys for the Plaintiff

By: *s/ David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Aaron J. Bibb, State Bar No. 1104662
Email: abibb@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236